IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANOA KANE,<br><br>   *Plaintiff,*<br><br> v.<br><br>EXPERIAN,<br><br>   *Defendant.* | Case No. 2:23-cv-03526-JDW |

### MEMORANDUM

Shanoa Kane has tried three times to assert claims against Experian for alleged violations of the Fair Credit Reporting Act. Unfortunately, despite opportunities to improve her complaint, and guidance from me about how to do so, she still has not alleged facts sufficient to survive the pleading stage. Because Ms. Kane has been unable to revise her complaint as I require, I will deny her motion for leave to amend and dismiss her action against Experian with prejudice.

### I. BACKGROUND

#### A. Factual History

Ms. Kane has filed several disputes with Experian requesting that it remove inaccurate and incomplete information from her credit report. She does not identify the inaccuracies, but they appear to be related to three credit lines: BRIDGECREST 20011618****; JEFFCAPSYS 368148496****; and AMER FST FIN 100020144179****. On June 19, 2023, Ms. Kane claims to have sent a letter to Experian's CEO, Brian Cassin,

requesting that he provide Experian's proof of authority to furnish account information on her credit report and issue her payment for $3,000.

B.  **Procedural History**

Ms. Kane filed her complaint against Experian on August 7, 2023, in Philadelphia Municipal Court seeking relief pursuant to 15 U.S.C. § 1681n. On September 12, 2023, Experian removed the action to this Court pursuant to 28 U.S.C. § 1441(a). Experian filed a motion to dismiss on October 3, 2023, which I granted on November 7, 2023. I dismissed Ms. Kane's claims without prejudice and permitted her to amend her complaint, which she did on December 1, 2023. Experian moved to dismiss Ms. Kane's amended complaint on December 15, 2023, and I granted that motion on February 27, 2024. I again dismissed Ms. Kane's claims without prejudice, instructing her that she could seek leave to amend her complaint. Ms. Kane moved for leave to file a second amended complaint on March 28, 2024, which I now address.

II. **LEGAL STANDARD**

A party may seek the court's leave to amend its pleading, and the court should freely give such leave when justice so requires. Fed. R. Civ. P. 15(a)(2). However, "a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend[] when '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016) (quotations omitted). A court may also deny leave to amend when

2

a party fails to cure deficiencies from prior amendments to pleadings. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273. "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (quotation omitted). To determine futility, courts apply the same pleading standard as would be used in a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id*. at 786-87. First, the judge must identify the elements needed to set forth a particular claim. *See id*. at 787. Second, the judge should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *See id*. Third, with respect to well-pleaded factual allegations, the judge should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id*. (quotation omitted). The judge must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id*. at 790 (citation omitted).

Judges must construe complaints that *pro se* litigants file liberally and hold them to less stringent standards than formal pleadings that lawyers draft. *See Shorter v. United States*, 12 F.4th 366, 371 (3d Cir. 2021). At the same time, *pro se* litigants "must allege sufficient facts in their complaints to support a claim.… At the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

Ms. Kane's proposed amended complaint does not cure the deficiencies I identified in my previous orders. Because she has not made these necessary revisions in subsequent pleadings, Ms. Kane's proposed amended complaint would not survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For these reasons, I will deny her motion for leave to amend.

In my prior orders addressing whether Ms. Kane has properly pled her complaint against Experian, I noted that she must provide sufficient detail in any amended pleadings to inform Experian of the nature of the claims against it. This included specifying the statutory provision under which she brought suit and offering clear factual allegations that, taken as true, could plausibly suggest that Experian violated some statutory duty. Although Ms. Kane's amended complaint identifies statutory provision under which her claims arise, it does not provide additional factual allegations that I mandated.

The result of this is that Ms. Kane's proposed amended complaint would not survive a motion to dismiss. Even when I construe her proposed amended complaint

liberally, it recites only sparse factual statements that do not amount to a plausible claim that she is entitled to relief. She alleges that she disputed some inaccurate information with three credit reporting agencies, including Experian, but she does not list the accounts in dispute, describe what information was inaccurate, or even state how she disputed these inaccuracies. As I have stated before, Ms. Kane must allege specific facts would plausibly suggest she could satisfy the elements of each statutory provision. Given that her proposed amended complaint still fails to do so, granting her leave would be futile.

Ms. Kane's proposed amended complaint is her third try at a viable pleading. It's also her second try after getting guidance from me about what she has to do to state a claim. And she's still come up short. Under the circumstances, I do not have to afford Ms. Kane yet another opportunity to amend her complaint and state a claim. Doing so would be inequitable. Experian has participated in this case, and it should not have to keep defending itself while Ms. Kane takes more and more bites at the apple to try to comply with the obligations that I have outlined for her in earlier orders. I will therefore dismiss her complaint with prejudice.

### IV.   CONCLUSION

Ms. Kane has not cured the pleading deficiencies I've identified in her previous filings, and I won't give her yet another chance. I will therefore deny her motion for leave to amend and dismiss her claims with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

May 3, 2024